NO. 07-07-0278-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 12, 2008
_____

DOUBLE S PETROLEUM LTD., APPELLANT

V.

SUPER CIRCLE 7 STORES, INC., APPELLEE
_____

FROM THE 381ST DISTRICT COURT OF STARR COUNTY;

NO. DC-04-23; HONORABLE JOSE LUIS GARZA, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Double S Petroleum (Double S), appeals a judgment which awards Double S $249,952.54 against appellee, Super Circle 7 Food Stores, Inc. (Super Circle 7). The judgment appealed from also awards appellees, Grissom & Thompson, L.L.P., attorney's fees in the amount of $92,906.86 against appellee, Valero Marketing and Supply Company (Valero). We dismiss the appeal for want of jurisdiction.

Background

We will limit our discussion of the factual and procedural background of this appeal to what is pertinent to our resolution of the jurisdictional issue. Super Circle 7 brought suit against Valero and Double S. Valero and Double S each asserted counter-claims. These three parties were ultimately ordered to arbitration. At the conclusion of the arbitration, the arbitrator awarded $181,161 plus prejudgment interest to Super Circle 7 against Valero. The arbitrator further awarded $350,090.02 plus prejudgment interest and attorney's fees to Double S against Super Circle 7. The arbitrator's award expressly states that the contract upon which the award to Super Circle 7 is based did not provide for an award of attorney's fees to the prevailing party and, thus, Super Circle 7's claim for attorney's fees was denied.[1] Following the arbitrator's award, Double S and Super Circle 7 filed competing applications to confirm the arbitration award.

Prior to the hearing on Double S and Super Circle 7's applications to confirm the arbitration award, Valero filed a separate suit against Double S. In its answer to Valero's suit, Double S judicially admitted owing an amount to Valero that was approximately equal to the judgment Super Circle 7 obtained against Valero in the present suit. In settlement of this acknowledged debt, Double S assigned Valero $214,000 from the judgment in its favor in the present suit.

---

[1] Grissom & Thompson, L.L.P., were Super Circle 7's attorneys in the underlying matter.

Prior to the hearing on the competing applications to confirm the arbitrator's award, Grissom & Thompson filed a plea in intervention in the suit. Both Double S and Valero opposed the intervention. Grissom & Thompson admitted its contingency fee contract with Super Circle 7 into evidence at the hearing. The trial court ruled that Grissom & Thompson's intervention would be allowed. Soon after this hearing, the trial court executed its Final Judgment, which awarded Grissom & Thompson $89,821.26 from Super Circle 7's recovery from Valero. This left Super Circle 7 with a judgment against Valero in the amount of $123,923.79. The Judgment also confirmed the arbitrator's $350,090.02 award to Double S against Super Circle 7.[2]

Following the trial court's Final Judgment, Valero filed a Motion for New Trial and to Modify the Judgment. In this motion, Valero sought to have the Judgment reflect the set-off in the amount it owed Super Circle 7 based on the assignment it had received from Double S in the other suit. At this time, Double S filed its Notice of Appeal. Following a hearing on Valero's motion, the trial court executed an Amended Final Judgment that awarded Double S $249,952.54 against Super Circle 7 and awarded Grissom & Thompson $92,906.86 against Valero.[3] As stated by Double S in their appellate brief, "The Amended Final Judgment reflects an offset of the judgment amounts assigned to Valero by Double S against what the trial court found was owed by Valero to Super [Circle] 7." Valero filed

---

[2] In its awards to Grissom & Thompson and Super Circle 7, the trial court added the interest that was awarded by the arbitrator to the amount of the awards. However, the amount of the award to Double S did not reflect the interest accrued to that date.

[3] In this Amended Final Judgment, the trial court added the accrued interest for each award to determine the amount of the awards.

3

a Notice of Appeal regarding this Amended Final Judgment, but ultimately settled its obligation to Grissom & Thompson and dismissed its appeal.

This Court has received motions to dismiss from both Valero and Super Circle 7. These motions contend that Double S does not have standing to appeal because it has no justiciable interest in the issues it asserts on appeal. On July 17, 2008, we abated this appeal to allow the parties to file briefs relating to the jurisdictional issue. We have received Double S's response to the motions to dismiss.

Law and Analysis

In their motion, Valero correctly indicates that the Amended Final Judgment was in favor of Double S and that no award was made against Double S. Double S contends that the trial court's award of attorney's fees directly to Grissom & Thompson injured Double S and, thereby, gave Double S standing to challenge the Amended Final Judgment on appeal. According to Double S, it was injured because the trial court's direct award of attorney's fees from Valero to Grissom & Thompson prevented Double S from realizing a full credit for the amount of its assignment to Valero.

Subject matter jurisdiction is essential to the authority of a court to decide a case. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993). Standing is implicit in the concept of subject matter jurisdiction. See id. In assessing whether a party to a suit has standing, we must focus on whether the party has a sufficient relationship with the lawsuit to have a justiciable interest in its outcome. Austin Nursing Ctr., Inc. v. Lovato, 171 S.W.3d 845, 848 (Tex. 2005). For a party to have a justiciable interest in a suit, there

4

must be a real controversy between the parties which will be actually determined by the judicial declaration sought.  Id. at 849.  An appealing party may not complain of errors that do not injuriously affect it or that merely affect the rights of others.  Torrington Co. v. Stutzman, 46 S.W.3d 829, 843 (Tex. 2000).  While we are to review issues of subject matter jurisdiction *de novo*, see Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998), in the present case, the issue of Double S's standing did not arise until it attempted to appeal the trial court's Amended Final Judgment's award of direct damages from Valero to Grissom & Thompson.

While it appears that Double S did not realize the full credit it intended to receive when it made its assignment to Valero, Double S was not caused any financial harm by the trial court's Amended Final Judgment.  Based on the arbitrator's award, Super Circle 7 would have received approximately $201,000, with interest included to the date of the Amended Final Judgment, from Valero, while Double S would have received approximately $378,000, interest included, from Super Circle 7.[4]  Thus, if the intervention of Grissom & Thompson had not been allowed, Double S's assignment would have afforded it a $201,000 credit against its debt to Valero, but would have reduced its recovery from Super Circle 7 to $177,000.

However, due to the trial court's award of a portion of Super Circle 7's recovery to its attorneys, Super Circle 7's direct recovery was decreased to $128,000.  This decrease reduced the amount that Valero owed to Super Circle 7 under the judgment and, therefore,

---

[4] To simplify the analysis, we will round the awards to the nearest $1,000.

5

reduced the amount that could be offset by the assignment. As a result, the $128,000 Valero owed to Super Circle 7 was removed from the Amended Final Judgment while Double S's recovery from Super Circle 7 was offset by the $128,000, resulting in the $250,000 award to Double S from Super Circle 7. In the end, Double S received the $93,000 that Valero was ordered to pay to Grissom & Thompson in its judgment against Super Circle 7 as part of its recovery from Super Circle 7 rather than as a credit against its debt to Valero. Based on the Amended Final Judgment, if Double S were to pay Valero $93,000 from its $250,000 recovery, it would be in the same position it would have been in if the trial court had not allowed the intervention of Grissom & Thompson.

Double S has made no contention that it lost any benefit of the bargain or suffered any other injury as a result of the trial court's Amended Final Judgment. In fact, while Double S contends that it was harmed by the Amended Final Judgment because it did not receive a full credit for its assignment, we note that the assignment to Valero was for a sum certain ($214,000) to be obtained from Double S's recovery. Thus, under the terms of the assignment, Valero was entitled to $214,000 from Double S's recovery and any limit in the application of an offset did not affect the assignment to Valero. Thus, we conclude that Double S's assignment to Valero was unaffected by the trial court's award in favor of Grissom & Thompson.

Finally, Double S's appellate issues challenge the direct award of damages to Grissom & Thompson based on Grissom & Thompson's contingency fee contract with Super Circle 7. While it may have been inappropriate for the trial court to have awarded contingent fees directly to counsel in the judgment, since the award only affected Super

6

Circle 7's recovery, we believe that only Super Circle 7 would have standing to challenge this award. Since Super Circle 7 has not challenged this award and since we conclude that Double S does not have standing to challenge this award, we dismiss this appeal for want of jurisdiction.

## Conclusion

Having determined that Double S does not have standing to present the issues it presents on appeal, we dismiss this cause for want of jurisdiction.

Mackey K. Hancock
Justice

Pirtle, J., concurs in the result.